Torres-Hernandez v. Barr

BIA
Connelly, IJ
A075 206 892

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty.

PRESENT:
    PIERRE N. LEVAL,
    DEBRA ANN LIVINGSTON,
    MICHAEL H. PARK,
        *Circuit Judges.*

_____

MANUEL TORRES-HERNANDEZ,
        *Petitioner,*

    v.                                      18-862
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Amber Gracia, Quan Law Group,
                        PLLC, Houston, TX.

FOR RESPONDENT:         Ethan P. Davis, Acting Assistant
                        Attorney General; Lisa S. Murcia,
                        Senior Litigation Counsel;
                        Jennifer A. Bowen, Trial Attorney,
                        Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Torres-Hernandez, a native and citizen of Mexico, seeks review of a February 27, 2018, decision of the BIA affirming an October 3, 2017, decision of an Immigration Judge ("IJ") denying Torres-Hernandez's application for relief under the Convention Against Torture ("CAT"). *In re Manuel Torres-Hernandez,* No. A 075 206 892 (B.I.A. Feb. 27, 2018), *aff'g* No. A 075 206 892 (Immig. Ct. Batavia Oct. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of CAT relief under the substantial-evidence standard. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692–93 (2020). As discussed below, Torres-Hernandez's arguments lack merit, and the agency's decision is supported by substantial evidence.

First, the IJ did not overlook relevant evidence or otherwise commit legal error in determining that Torres-

Hernandez had not established a likelihood of torture by or with the acquiescence of Mexican officials. An error of law may occur when the agency "totally overlook[s]" or "seriously mischaracterize[s]" material facts. *Mendez v. Holder,* 566 F.3d 316, 323 (2d Cir. 2009). Contrary to Torres-Hernandez's position, the record reflects that the IJ and BIA considered his evidence. The agency considered his testimony about police corruption in Mexico, the expert's report, and the country conditions evidence discussing corruption, lack of confidence in Mexican law enforcement, and human rights abuses. The agency was not required to "expressly parse or refute on the record each individual argument or piece of evidence offered." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Given the agency's discussion of the evidence, the record does not compel the conclusion that the agency failed to consider the full record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006)("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

Second, Torres-Hernandez's arguments that the agency erred by failing to make an explicit credibility finding, a finding regarding internal relocation, or a finding about the

3

likelihood that the drug cartel he had worked for and informed on would retaliate against him, are misplaced because those findings were not necessary to the agency's decision. Torres-Hernandez's credibility was not at issue because the agency did not make any adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) ("[I]f no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal."). The agency was not required to make a finding regarding the likelihood of harm or the possibility of internal relocation because it did not deny relief based on the likelihood of torture, but instead concluded that Torres-Hernandez did not establish that any harm he would suffer would constitute torture as defined by the CAT because he did not show it would be inflicted by or with the acquiescence of the Mexican government. *See* 8 C.F.R. § 1208.18(a)(1) (defining torture as "pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). It is only in determining the likelihood of harm that the regulations direct the agency to consider internal relocation. *Id.* § 1208.16(c)(3)(ii).

Third, the IJ did not apply an incorrect legal standard.

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). To constitute torture under the CAT, the harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). Acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). The IJ stated the correct standards, *see* Certified Administrative Record at 57–58, but denied relief because there was insufficient evidence of specific connections between the cartel and Mexican officials or that any officials in collusion with the cartel were aware of Torres-Hernandez.

Substantial evidence supports that determination. *Nasrallah,* 140 S. Ct. at 1692–93. Under the substantial

5

evidence standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1692 (quoting 8 U.S.C. § 1252(b)(4)(B)). To support his assertion of acquiescence, Torres-Hernandez relied on his own testimony, statements in an expert report, and news articles that discuss the prevalence of corruption among Mexican authorities and the country's struggle with violent crime perpetrated by criminal organizations both generally and including the Gulf Cartel. But Torres-Hernandez's evidence did not link any Gulf Cartel members who wished to harm him with individuals in the Mexican government who would acquiesce or turn a blind eye to his torture. In essence, the agency determined that Torres-Hernandez had not established a likelihood of acquiescence for someone in his particular circumstances. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (noting that an applicant for CAT relief must establish that someone in his "particular alleged circumstances is *more likely than not* to be tortured" (emphasis original)). That determination is supported by substantial evidence given the lack of evidence of collusion between Gulf Cartel members who are aware of Torres-Hernandez and his actions and any Mexican authorities. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao*,

6

546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Finally, Torres-Hernandez did not show his due process rights were violated by the IJ's denial of his motion for telephonic testimony from an expert witness. To succeed on a due process claim, a petitioner must show (1) he was denied a "full and fair opportunity" to present his claims or that he was "otherwise deprived . . . of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citation omitted), and (2) "cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks and citation omitted). The IJ had discretion to allow or deny telephonic testimony. Immigration Court Practice Manual, § 4.15(o)(iii), *https://www.justice.gov/eoir/vll/OCIJPracManual/08-03*.pdf. Torres-Hernandez had an opportunity to present his claim because the IJ admitted and considered the expert's written report. And Torres-Hernandez did not establish prejudice because he has not identified what, if any, additional information the expert could have provided.

For the foregoing reasons, the petition for review is

7

DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
